LIBERTY CASH GROCERS, INC.

*v.*

Z. D. ATKINS, Commissioner of Finance & Taxation
of the State of Tennessee

(*Nashville,* December Term, 1956.)

Opinion filed July 29, 1957.

George F. McCanless, Attorney General, Allison B. Humphreys, Solicitor General, and Milton P. Rice, Assistant Attorney General, for appellant.

Canale, Glankler, Montedonico, Boone & Loch, and Charles H. Davis, Memphis, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

This cause presents the question of whether the sale by a grocery chain of large quantities of store, warehouse and office fixtures and equipment, and automotive and truck equipment, which property was acquired and

held by it for use in the course of its business, to another concern for use in the course of business, such sale being a part of and incidental to the sale of the entire business, constitutes a sale at retail of tangible personal property within the meaning of the Tennessee Sales Tax Law, so as to require the seller to include the proceeds therefrom in its report of its gross sales and pay a sales tax measured thereby.

The Chancellor answered this question in the negative and this appeal resulted.

On or about October 11, 1955, complainant sold to National Tea Company certain physical assets consisting of store fixtures and equipment, warehouse fixtures and equipment, office fixtures and equipment, and automotive and truck equipment. These items had been acquired and held by complainant for use in the conduct of its wholesale and retail grocery business. The total selling price of these items was $507,811.34. The sales tax from the sale of these items amounted to $14,949.65, which complainant paid under protest on November 21, 1955, and this suit was filed to recover this tax so paid under protest.

When the complainant filed its final sales tax return on or about November 18, 1955, it did not include as gross sales the selling price of the fixtures and equipment in controversy.

The sections of the sales tax involved in this litigation will be found in part of Section 3 of Chapter 3 of the Public Acts of 1947 (Sec. 67-3003, T.C.A.) and in Section 2 (i) of Chapter 3 of the Public Acts of 1947 (Sec. 67-3002, T.C.A.) and are as follows:

"That it is hereby declared to be the legislative intent that every person is exercising a taxable privilege who engages in the business of selling tangible personal property at retail in this State, or who rents or furnishes any of the things or services taxable under this Act, or who stores for use or consumption in this State any item or article of tangible personal property as defined herein and who leases or rents such property within the State of Tennessee."

" 'Business' includes any activity engaged in by any person, or caused to be engaged in by him, with the object of gain, benefit, or advantage, either direct or indirect. The term 'business' shall not be construed in this Act to include occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business."

After the passage of the sales tax in 1947 the Commissioner of Finance and Taxation promulgated regulations construing said Act and rule 9, which became effective in 1947, is as follows:

"The tax does not apply to casual and isolated sales by persons who are not engaged in the business of selling such tangible personal property. However, this exemption does not apply to sales made by those persons who hold themselves out as engaged in a retail business, notwithstanding the fact that the sales may be few and infrequent.

"For example, where a person sells his automobile; where a merchant sells his store fixtures; where a farmer sells his farm machinery or other farm equipment, such persons are not engaged in the business of

selling such tangible personal property at retail, they are making casual or isolated sales with respect to such property.

"Manufacturers, processors, wholesalers or jobbers engaged in distributing tangible personal property, who sell primarily other than at retail, are not deemed to be making casual or isolated sales, when they sell such tangible personal property to purchasers for use or consumption, notwithstanding that sales at retail may comprise a small fraction of their total business."

On March 16, 1954, the Commissioner of Finance and Taxation in office at the time amended rule 9 of the sales tax regulations and as amended said Rule 9 reads as follows:

"Casual and Isolated Sales.

"(a) The Sales Tax does not apply to casual and isolated sales by persons who are not engaged in any business of selling tangible personal property. This exemption does not apply to any sales of inventory or other assets made by persons who hold themselves out as engaged in business, notwithstanding the fact that the sales may be few and infrequent.

"(b) Manufacturers, processors, wholesalers, or jobbers engaged in the business of distributing tangible personal property, who sell primarily other than at retail, are not deemed to be making casual or isolated sales, when they sell such tangible personal property to purchasers for use or consumption, notwithstanding that sales at retail may comprise a small fraction of their total business."

It was under this last stated regulation that the defendant exacted from complainant the tax herein disputed.

It is insisted by the defendant that administrative construction of a statute will usually be accepted as correct where it has been acted upon for years. See *State ex rel. Pitts v. Nashville Baseball Club,* 127 Tenn. 292, 154 S.W. 1151.

However, the above principle of construction does not apply where the language of the statute is plain and the meaning is obviously different from the administrative construction.

In the present case we do not think it was the legislative intent to tax sales such as was had by the complainant and upon which the tax in question was levied. While the complainant was engaged in the business of selling tangible property, it was not engaged in the business of selling tangibles such as its fixtures and equipment. In support of this conclusion, it must be presumed that when the merchandise and equipment in question was acquired for complainant's own use, the law was complied with, and said personal property had, therefore, already been burdened with a sales tax.

The defendant relies upon the California case of *Market Street Ry. Co. v. California State Board of Equalization,* 137 Cal. App.2d 87, 290 P.2d 20. However, it will be noted from the reading of this case that the California statute had no *isolated transaction clause* such as appears in the Tennessee statute, and no administrative construction had been placed upon the statute over a

period of years, as had been done in the case now before this Court. This distinguishes the California case from the case now before this Court.

Casual or isolated sales may be where a person sells his automobile, or a merchant sells his store fixtures or a person sells a quantity of lumber and in such cases this person is not engaged in selling property within the meaning of the Tennessee Sales Tax Act.

We can find no error in the decree of the Chancellor and it is affirmed.